In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Torger G. OMDAHL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Torger G. OMDAHL, Respondent.†

Supreme Court

*No. 2009AP957–D. Decided January 21, 2010.*

2010 WI 3

(Also reported in 777 N.W.2d 634.)

---

† Motion for Reconsideration denied 3/18/10; but it modifies the Supreme Court opinion of 1/21/10 as follows; Substituting the word "medicare" for the word "medicaid" in ¶ 4 and by deleting ¶ 6.

¶ 1. PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Torger G. Omdahl purportedly under SCR 22.12[1] for the imposition of a public reprimand as reciprocal discipline for two public reprimands that Attorney

---

[1] The procedure in this case did not exactly track the language of SCR 22.12. SCR 22.12 authorizes the OLR Director to file a stipulation "with the complaint." The stipulation is then considered by this court without the appointment of a referee. In the present case the OLR filed a complaint and an amended complaint, both of which contained a motion asking this court to issue an order to show cause under SCR 22.22(2)(b) because of discipline imposed on Attorney Omdahl in Michigan. The present stipulation was prepared and filed well after the filing of the complaint. Although the specific procedure in SCR 22.12 was not precisely followed, we will nonetheless review the stipulation under that rule since the stipulation was filed before any referee was ever appointed.

SCR 22.12 provides as follows: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

Omdahl received in the state of Michigan. The first public reprimand was issued in November 2000, and the second occurred in December 2008.

¶ 2. According to the stipulation, Attorney Omdahl was admitted to the practice of law in Michigan in 1973. He was subsequently admitted to the practice of law in Wisconsin in December 1981. His most recent mailing address provided to the State Bar of Wisconsin is a law firm in Iron River, Michigan.

¶ 3. On November 2, 2000, the State of Michigan Attorney Discipline Board, Upper Peninsula Hearing Panel #3, issued an order publicly reprimanding Attorney Omdahl. The reprimand order was issued with Attorney Omdahl's consent following the entry of a stipulation.[2] The reprimand grew out of Attorney Omdahl's representation of a husband and wife regarding a construction accident in which the husband sustained personal injuries. In the Michigan stipulation, Attorney Omdahl and the Michigan disciplinary authorities agreed that Attorney Omdahl had included two improper provisions in the contingency fee agreement that he had entered with the husband and wife. Specifically, Attorney Omdahl acknowledged that he had included a provision that reserved to himself the right to cancel the representation agreement at any time, upon notice to the client, and a provision that stated that he was entitled to his "full fee" even if the clients discharged him or obtained other counsel prior to settlement or final resolution of their claims.[3] The stipulation further provided that a number of other

---

[2] Attorney Omdahl failed to notify the OLR of this public reprimand, as required by SCR 22.22(1).

[3] In a statement filed in connection with the stipulation, Attorney Omdahl stated that the improper provisions had not been invoked against any client and that his firm had not used

claims of misconduct against Attorney Omdahl would be dismissed with prejudice.

¶ 4. The second public reprimand was issued in December 2008 by the State of Michigan Attorney Discipline Board, Upper Peninsula Hearing Panel #2, again pursuant to Attorney Omdahl's stipulation. This public reprimand grew out of Attorney Omdahl's handling of certain settlement funds belonging to client F.T.[4] Attorney Omdahl withheld $5,000 from a settlement that Attorney Omdahl received on F.T.'s behalf on the alleged ground that the funds needed to be maintained in trust in case a Medicaid lien was filed. Attorney Omdahl placed the $5,000 of F.T.'s money into an account that his firm considered a client trust account, but which was not specifically designated as a trust account in the bank's records establishing the account.

¶ 5. Subsequently, Attorney Omdahl's legal assistant mistakenly wrote three checks out of this "trust account" instead of the firm's business account, causing the balance in the trust account to fall below $5,000, which necessarily meant that some of F.T.'s money was used for the benefit of Attorney Omdahl's law firm.

¶ 6. In addition, F.T.'s son was arrested on a criminal charge in January 2006. On January 25, 2006, F.T. went to Attorney Omdahl's office to request the return of the $5,000 so that he could use those funds to retain a lawyer to represent his son in the criminal case. Attorney Omdahl told F.T. that he would not release the funds to F.T., but that he would accept payment of the

---

the form of the contingency fee agreement containing these improper provisions in the preceding five years.

[4] The facts regarding this public reprimand are taken from the factual allegations of the Michigan complaint, to which Attorney Omdahl pled no contest.

$5,000 as a retainer for the defense of F.T.'s son. F.T. subsequently signed a letter stating that he was releasing the $5,000 in escrow to Attorney Omdahl as his fee for defending F.T.'s son.

¶ 7. The Michigan disciplinary complaint alleged four violations of Michigan disciplinary rules concerning these facts. Attorney Omdahl entered into a stipulation pursuant to which he pled no contest to two violations: (1) having failed to use reasonable efforts to ensure that the law firm had in effect measures giving reasonable assurance that the conduct of non-lawyer assistants would be compatible with the professional obligations of a lawyer, and (2) having violated, having attempted to violate, having assisted or induced another to violate, or having violated through the acts of another the Michigan Rules of Professional Conduct. The remaining counts against Attorney Omdahl were dismissed pursuant to the parties' agreement.

¶ 8. As with the November 2000 public reprimand, Attorney Omdahl did not notify the OLR that he had been publicly reprimanded in December 2008. The OLR subsequently learned of the December 2008 reprimand from a source other than Attorney Omdahl. While investigating that reprimand, it also learned of the November 2000 public reprimand.

¶ 9. The stipulation in the present proceeding contains two counts. Count 1 provides that Attorney Omdahl is subject to reciprocal discipline under SCR 22.22[5] "[b]y virtue of having been twice reprimanded by the Michigan Attorney Discipline Board for his viola-

---

[5] SCR 22.22 provides: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the

tions of the Michigan Rules of Professional Conduct."
Count 2 provides that Attorney Omdahl violated SCR

matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different

22.22(1) by failing to notify the OLR of either of his Michigan reprimands within 20 days of their effective dates.

¶ 10. The stipulation states that Attorney Omdahl is not claiming any of the "defenses" set forth in SCR 22.22(3)(a)-(c). The stipulation further provides it was not the result of plea bargaining and that Attorney Omdahl is entering the stipulation knowingly and voluntarily. Attorney Omdahl verifies in the stipulation that he understands the misconduct allegations against him and his right to contest those allegations; he understands the ramifications of the requested discipline in the event the court accepts the stipulation; he understands his right to consult counsel; and he is admitting his misconduct and agreeing to the level of discipline sought by the OLR.

¶ 11. Under SCR 22.22(3), if none of the exceptions set forth in SCR 22.22(3)(a)-(c) apply, this court "shall impose the identical discipline." There is no claim that any of those exceptions apply in this case, and we do not find any of them to be present in this matter.

¶ 12. The only question that remains is whether the two Michigan public reprimands should be addressed in a single proceeding and opinion in this court or whether there should be two public reprimands. The OLR urges that imposing a single reprimand will, as a practical matter, effectuate identical discipline under

from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

SCR 22.22 and will promote judicial economy. We conclude that since both of the disciplinary actions in the foreign jurisdiction were public reprimands and since we are explaining that Attorney Omdahl is receiving reciprocal discipline for *both* public reprimands, a single public reprimand encompassing both Michigan disciplinary actions is adequate.

¶ 13. In addition, because Attorney Omdahl entered into a stipulation before a referee was appointed, and based on the OLR's statement that it is not seeking a cost assessment in this matter, we will not impose costs on Attorney Omdahl.

¶ 14. IT IS ORDERED that Torger G. Omdahl is publicly reprimanded for his professional misconduct, as reciprocal discipline for the two public reprimands imposed by the Michigan attorney disciplinary authorities.