In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Torger G. OMDAHL, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Torger G. OMDAHL, Respondent.

Supreme Court

*No. 2009AP957–D.—Decided March 18, 2010.*

2010 WI 18

(Also reported in 781 N.W.2d 228.)

¶ 1. PER CURIAM. This is a motion for reconsideration filed by the respondent, Attorney Torger G. Omdahl, seeking clarification or modification of portions of the opinion issued in this matter on January 21, 2010. The motion contends that certain facts described in the opinion, which were based upon the 2008 Michigan disciplinary complaint, are inaccurate because the subsequent stipulation in the 2008 Michigan disciplinary proceeding called for certain professional misconduct charges to be dismissed.

¶ 2. The motion ignores the fact, however, that the first paragraph of the 2008 Michigan stipulation states as follows: "Respondent, Torger G. Omdahl, pleads no contest to the factual allegations contained in Formal Complaint ADB Case No. 08–138–GA." Thus, while certain charges of rule violations were dismissed pursuant to the stipulation, Attorney Omdahl pled no contest to all of the factual allegations in the 2008 Michigan complaint. This court's opinion accurately summarizes those factual allegations.

¶ 3. Accordingly, the motion for reconsideration is denied, but the original opinion is modified by substituting the word "Medicare" for the word "Medicaid" in ¶ 4 and by deleting ¶ 6 as follows:

¶ 4.   The second public reprimand was issued in December 2008 by the State of Michigan Attorney Discipline Board, Upper Peninsula Hearing Panel #2, again pursuant to Attorney Omdahl's stipulation. This public reprimand grew out of Attorney Omdahl's handling of certain settlement funds belonging to client F.T.[4] Attorney Omdahl withheld $5,000 from a settlement that Attorney Omdahl received on F.T.'s behalf on the alleged ground that the funds needed to be maintained in trust in case a Medicare lien was filed. Attorney Omdahl placed the $5,000 of F.T.'s money into an account that his firm considered a client trust account, but which was not specifically designated as a trust account in the bank's records establishing the account.

¶ 6.   [Deleted]

---

[4] The facts regarding this public reprimand are taken from the factual allegations of the Michigan complaint, to which Attorney Omdahl pled no contest.