STATE OF MINNESOTA

IN SUPREME COURT

A16-1195



FILED

October 10, 2016

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Adam Andrew Gillette, a Minnesota Attorney,
Registration No. 0328352.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Adam Andrew Gillette committed professional misconduct warranting public discipline—namely, making multiple misrepresentations to a client and one misrepresentation to the client's acquaintance about the status of the client's matter; misleading the client into believing that the case had settled when, in fact, respondent had not pursued it; allowing the statute of limitations in the client's matter to lapse due to his neglect; and neglecting another client matter resulting in the expiration of the statute of limitations. *See* Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 4.1, and 8.4(c). As mitigation of his passive misconduct, respondent produced evidence that he suffered from an untreated mental-health issue at the time of the misconduct for which he later sought treatment. Respondent also produced evidence that he is remorseful for his misconduct.

Respondent waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations in the petition. The

1

parties jointly recommend that the appropriate discipline is a 60-day suspension and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Adam Andrew Gillette is suspended from the practice of law for a minimum of 60 days, effective as of the date of this order.

2.      Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3.      Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

4.      Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.  Failure to

timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

5. Upon reinstatement to the practice of law, respondent shall be placed on probation for a period of 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports

with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e)    Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f)    Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental-health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist. Respondent shall provide the necessary authorizations to allow the Director to verify respondent's compliance with treatment.

Dated: October 10, 2016        BY THE COURT:

David R. Stras
Associate Justice

4