FILED

November 30, 2016

**OFFICE OF APPELLATE COURTS**

STATE OF MINNESOTA

IN SUPREME COURT

A16-1718

In re Petition for Disciplinary Action against
Christopher Ozioma Obasi, a Minnesota Attorney,
Registration No. 0296223.

AMENDED ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Christopher Ozioma Obasi committed professional misconduct warranting public discipline—namely, practicing law after being placed on restricted status for failing to meet continuing legal education requirements. *See* Minn. R. Prof. Conduct 3.4(c), 5.5(a).

Respondent waives his procedural rights under Rule 14, Rules on Lawyer Professional Responsibility (RLPR), and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 30-day extension of respondent's current suspension and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Christopher Ozioma Obasi is suspended from the practice of law for a minimum of 30 days, effective from the date of this order.

1

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. On or before August 30, 2017, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a) Respondent shall pay or make a payment plan to pay the sanctions entered against him in *Osuorah v. Midland Funding, LLC*. Payment shall be complete by the end of the period of probation.

(b) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the

2

Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(c)  Respondent shall abide by the Minnesota Rules of Professional Conduct.

(d)  Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (e) below. Respondent shall make active client files available to the Director upon request.

(e)  Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(f)  Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(g)  Within 30 days from the date of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

3

Dated:  November 30, 2016          BY THE COURT:

David R. Stras
Associate Justice

4