*113 ¶ 1.
PER CURIAM.
The Office of Lawyer Regulation (OLR) and Attorney Adam A. Gillette have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Gillette's license to practice law in Wisconsin should be suspended for a period of 60 days, as discipline reciprocal to that imposed by the Supreme Court of Minnesota.[1] After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. Although the stipulation did not expressly request that we impose the other forms of discipline imposed by the Supreme Court of Minnesota, we also follow our practice of ordering Attorney Gillette to comply with the terms and conditions of the Minnesota disciplinary order, including a two-year period of probation. We do not impose any costs in this stipulated matter.
f 2. Attorney Gillette was admitted to the practice of law in Minnesota in October 2003. He was also admitted to the practice of law in this state in Decem *114 ber 2009. According to the stipulation, Attorney Gillette's most recent professional address was a law firm in Minneapolis, Minnesota.
f 3. Attorney Gillette has not been the subject of previous professional discipline in this state. His license to practice law in Wisconsin, however, is currently administratively suspended. In June 2016 his license was suspended for failure to comply with mandatory continuing legal education (CLE) reporting requirements. In October 2016 his license was also suspended for failure to pay bar dues and assessments and for failure to file a trust account certificate.
¶ 4. On November 21, 2016, the OLR filed a disciplinary complaint alleging that Attorney Gillette should be subject to reciprocal discipline due to a 60-day suspension imposed by the Supreme Court of Minnesota. On February 28, 2017, after the OLR's complaint had been served on Attorney Gillette, the OLR and Attorney Gillette entered into a stipulation whereby Attorney Gillette agreed that the facts alleged in the OLR's complaint supported the imposition of a 60-day suspension as reciprocal discipline.
¶ 5. According to the stipulation and the Minnesota disciplinary records attached to the OLR's complaint, Attorney Gillette committed a number of violations of the Minnesota Rules of Professional Conduct (MRPC) in connection with two client matters.
f 6. In the first matter, Attorney Gillette and the firm with which he was associated were retained to represent a husband and wife in connection with possible claims against investment brokers due to failed investments. The firm determined in April 2010 that the clients were unlikely to prevail on any claims. From this point forward, Attorney Gillette and the firm *115 did no further work on the matter. Attorney Gillette was directed to convey the firm's opinion to the clients.
¶ 7. Attorney Gillette, however, did not advise the clients of this opinion. To the contrary, he falsely informed the husband on multiple occasions over the next five years that he was continuing to pursue the matter. Attorney Gillette even went so far as to tell the client that the matter had been settled for a substantial sum of money. Ultimately, Attorney Gillette reported his deception to his law firm. In the time period when he had been misleading the client about the progress of claims against the brokers, the statute of limitations for any such claim expired.
¶ 8. In the second client matter, Attorney Gillette and his firm were retained in December 2014 by a check cashing business to address a situation where the client believed that its bank had improperly reversed a deposit. The client paid an advanced fee to the law firm. Attorney Gillette, however, failed to perform any work on the matter or to take any action to preserve any claims the client may have had against the bank. In May 2015 the statute of limitations expired for any claim by the client against the bank. As had occurred with the first client matter discussed above, ultimately Attorney Gillette reported his neglect of the matter to his law firm.
¶ 9. Attorney Gillette stipulated in the Minnesota disciplinary proceeding that his conduct in the two client representations had violated MRCP 1.1,1.3, 1.4, 4.1, and 8.4(c).
f 10. In its October 10, 2016 disciplinary order, In re Disciplinary Action Against Gillette, 886 N.W.2d 214 (Minn. 2016), the Supreme Court of Minnesota noted that Attorney Gillette had produced evidence that during the relevant time period he had suffered *116 from an untreated mental-health issue, for which he had subsequently sought treatment. He had also produced evidence that he was remorseful for his misconduct. Ultimately, given this partially mitigating evidence, the Supreme Court of Minnesota accepted the joint recommendation of the parties for a 60-day suspension of Attorney Gillette's license to practice law in Minnesota. The Minnesota order also directed Attorney Gillette within one year to successfully complete the professional responsibility examination that is required for admission to the practice of law in that state. Finally, the order also placed Attorney Gillette on probation with a list of conditions for a period of two years following the reinstatement of his Minnesota license.[2]
¶ 11. Under SCR 22.22(3),[3] this court shall impose the identical discipline imposed in another jurisdiction, unless one or more of three exceptions apply. *117 In his stipulation with the OLR, Attorney Gillette states that he does not claim any of the exceptions in SCR 22.22(3). He agrees that this court should impose the 60-day suspension of his license to practice law in Wisconsin sought by the OLR.
¶ 12. Attorney Gillette further states that the stipulation was not the result of plea bargaining, that he understands the misconduct allegations against him and his right to contest the matter, and that he is aware of the potential ramifications of the stipulated level of discipline. He acknowledges his right to consult with counsel. He asserts that he is entering into the stipulation knowingly and voluntarily, and that his entry into the stipulation represents his decision not to contest the misconduct allegations or the level of discipline sought by the OLR.
¶ 13. Having reviewed the matter, we accept the stipulation and impose a 60-day suspension of Attorney Gillette's license to practice law in Wisconsin, as discipline reciprocal to that imposed by the Supreme Court of Minnesota.
¶ 14. We note, however, that the Minnesota order contained additional elements of discipline beyond the imposition of a 60-day suspension of his license to practice law in that state. For example, the Minnesota order directed Attorney Gillette to complete the professional responsibility examination required for admission to the bar of that state and imposed a two-year period of probation with a number of specified conditions. These elements of the Minnesota disciplinary order are generally not imposed in Wisconsin disciplinary proceedings. In such situations, this court orders the respondent attorney to comply with the terms and conditions imposed by the disciplinary order in the *118 other jurisdiction in order to make the discipline identical under SCR 22.22. See, e.g., In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶ 11, 322 Wis. 2d 552, 779 N.W.2d 419; In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667. Although the stipulation spoke in terms of agreeing to the imposition of a 60-day suspension, it also acknowledged these other terms and conditions of the Minnesota disciplinary order. Consequently, we follow our practice of ordering Attorney Gillette to comply with them.
f 15. Because this matter has been resolved through a stipulation without the appointment of a referee and the OLR has not sought the imposition of any costs, we do not impose them in this matter.[4]
¶ 16. IT IS ORDERED that the license of Adam A. Gillette to practice law in Wisconsin is suspended for a period of 60 days, effective May 31, 2017.
¶ 17. IT IS FURTHER ORDERED that Adam A. Gillette shall comply with all of the terms and conditions set forth in the Supreme Court of Minnesota's order dated October 10, 2016. In re Disciplinary Action Against Gillette, 886 N.W.2d 214 (Minn. 2016).
¶ 18. IT IS FURTHER ORDERED that Adam A. Gillette shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.
*119 ¶ 19. IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement from the disciplinary suspension imposed herein.[5]

 The stipulation in this matter was filed with the court on February 28,2017, and was promptly taken under advisement. On April 19, 2017, nearly two months later, the OLR filed a memorandum in support of the stipulation. Supreme Court Rule 22.12 does not provide a formal deadline for filing such a memorandum, but this belated submission arrived well after the court had deliberated and decided the matter. Nothing in the memorandum has affected the court's decision to accept the stipulation.

 The SCR 22.12 stipulation notes that the Supreme Court of Minnesota has already conditionally reinstated Attorney Gillette's license to practice law in that state. See In re Disciplinary Action Against Gillette, 888 N.W.2d 684 (Minn. 2016).

 SCR 22.22(3) provides:
(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:
(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.
(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.
(c) The misconduct justifies substantially different discipline in this state.

 In addition to filing a belated memorandum in support of the stipulation, the OLR also filed a belated statement of costs on April 19, 2017. It reported counsel fees and disbursements in the amount of $469.00, but recommended that the court not assess any costs against Attorney Gillette because he had entered into what it characterized as a "comprehensive stipulation" that had avoided the appointment of a referee and "the expenditure of significant lawyer regulation system resources."

 In addition to obtaining reinstatement from the disciplinary suspension imposed by this order, before he is able to practice law in Wisconsin, Attorney Gillette will also be required to complete the procedures for reinstatement from the administrative suspensions currently in effect for failure to comply with the mandatory CLE reporting requirements, for failure to pay applicable bar dues and assessments, and for failure to file a trust account certificate.