IN RE Petition for DISCIPLINARY ACTION AGAINST Christopher Ozioma OBASI, a Minnesota Attorney, Registration No. 0296223.

A16-1132
A16-1718

Supreme Court of Minnesota.

Dated: September 6, 2017

ORDER

On August 30, 2016, we suspended respondent Christopher Ozioma Obasi from the practice of law for a minimum of 30 days. *In re Obasi*, No. A16-1132, Order at 2 (Minn. filed Aug. 30, 2016). We expressly stated that, by August 30, 2017, Obasi was required to file with the Clerk of the Appellate Courts proof of his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility and that failure to do so would result in automatic re-suspension, as provided in Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR). *Obasi*, No. A16-1132, Order at 2. The professional-responsibility examination referred to in Rule 18(e)(3) is the Multistate Professional Responsibility Examination (MPRE). *See* Rule 4.A(5), Rules for Admission to the Bar.

On November 28, 2016, we extended Obasi's suspension for a minimum of 30 days. *In re Obasi*, 887 N.W.2d 474, 475 (Minn. 2016) (order). Once again, we expressly stated that, by August 30, 2017, Obasi was required to file with the Clerk of the Appellate Courts proof of his successful completion of the MPRE and that failure to do so would result in automatic re-suspension. *Obasi*, 887 N.W.2d at 475.

We conditionally reinstated Obasi on January 19, 2017. *In re Obasi*, 889 N.W.2d 295, 295 (Minn. 2017) (order). We repeated the requirement that, by August 30, 2017, Obasi had to file with the Clerk of the Appellate Courts proof of successful completion of the MPRE and that failure to do so would result in automatic re-suspension, pending successful completion of the examination, as provided in Rule 18(e)(3), RLPR. *Obasi*, 889 N.W.2d at 296.

Obasi filed a motion asking for an extension of time to provide proof of successful completion of the MPRE. Obasi states that he sat for the March 2017 MPRE but did not receive a passing score. He sat for the August 12, 2017 MPRE, but it will take longer than 1 month for the results to be reported, which will not allow him to comply with the deadline in our order. Obasi claims that he will not file proof of having passed the MPRE by August 30 through "no fault of [his own]" and for reasons "clearly beyond [his] control." Obasi asks the court to extend the deadline to provide proof of having passed the MPRE "to a reasonable date immediately after the date of the publication of the results of the August examination."

Rule 18(e)(3), RLPR, provides that, unless waived by this court, a lawyer who has been suspended for 90 days or less "must, within one year from the date of the suspension order, successfully complete such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility." "Except upon motion and for good cause shown, failure to successfully complete this examination shall result in automatic suspension of the lawyer effective one year after the date of the original suspension order." *Id.*

Obasi has not shown good cause for failing to comply with our August 30, 2017 deadline. In addition, Obasi has now failed

to comply with the August 30, 2017 deadline to provide proof of his successful competition of the MPRE. Based on Obasi's motion, it is clear he cannot comply with this deadline.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion of respondent Christopher Ozioma Obasi for additional time to provide proof of his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility is denied.

2. Respondent's conditional reinstatement is revoked, and he is indefinitely suspended, effective 10 days from the date of this order.

3. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

4. Respondent may apply for reinstatement under Rule 18(f), RLPR, by filing with the Clerk of the Appellate Courts and serving upon the Director of the Office of Lawyers Professional Responsibility proof that he has successfully completed the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.

BY THE COURT:

/s/ _____

David R. Stras
Associate Justice