# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP810-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Stephanie C. Stoltman, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |   v. |
| | Stephanie C. Stoltman, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STOLTMAN

| | |
|---|---|
| OPINION FILED: | July 24, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2018AP810-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings**
**Against Stephanie C. Stoltman,**
**Attorney at Law:**

**Office of Lawyer Regulation,**

          **Complainant,**

    **v.**

**Stephanie C. Stoltman,**

          **Respondent.**

**FILED**

**JUL 24, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney publicly reprimanded.*

¶1   PER CURIAM.   The Office of Lawyer Regulation (OLR) and Attorney Stephanie C. Stoltman have filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12 that Attorney Stoltman should be publicly reprimanded, as discipline reciprocal to that imposed by the Supreme Court of Arizona. After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline.   Given the comprehensive stipulation, which avoided the need to litigate

this matter and to appoint a referee, we do not impose any costs in this proceeding.

¶2 Attorney Stoltman was admitted to the practice of law in Wisconsin in 1984 and in Arizona in 2001. Her Wisconsin license has been administratively suspended since October 31, 2005, for failure to pay bar dues and assessments. She has most recently practiced law in Arizona.

¶3 The OLR filed a complaint and order to answer in this matter on May 1, 2018. The complaint alleged two counts of professional misconduct: (1) that by virtue of a 2010 censure and a 2017 admonition imposed by the disciplinary authorities in Arizona, Attorney Stoltman was subject to reciprocal discipline in this state, pursuant to SCR 22.22(3), and (2) that Attorney Stoltman had failed to notify the OLR of either Arizona discipline within the required time, in violation of SCR 22.22(1).

¶4 On May 24, 2018, before a referee was appointed, the OLR and Attorney Stoltman filed a stipulation, in which Attorney Stoltman stipulated to the two counts set forth in the OLR's complaint. The OLR filed a memorandum in support of the stipulation.

¶5 The parties assert that the stipulation was not the result of plea bargaining. In the stipulation Attorney Stoltman states that she does not contest the factual assertions and misconduct charges alleged by the OLR nor does she contest the discipline requested by the OLR, namely a public reprimand. She represents that she fully understands the allegations of

2

misconduct alleged by the OLR; that she understands the ramifications of the stipulated level of discipline; that she understands her right to contest the allegations of misconduct and her right to consult counsel regarding those allegations; and that she enters the stipulation knowingly and voluntarily.

¶6 In reciprocal discipline situations, SCR 22.22[1] mandates that this court impose discipline identical to that

---

[1] SCR 22.22 provides:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(continued)

imposed by the other jurisdiction, unless one or more of three exceptions apply. In the stipulation Attorney Stoltman states that she is not claiming that any exception in SCR 22.22(3) applies to this matter.

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

¶7 We turn now to the substance of the misconduct and the discipline imposed in the State of Arizona. This reciprocal disciplinary proceeding relates to two instances where discipline was imposed on Attorney Stoltman in Arizona.

¶8 The first instance of discipline was a censure[2] imposed by the Supreme Court of Arizona in January 2010, based on Attorney Stoltman's stipulation. The conduct underlying this discipline involved Attorney Stoltman's improper handling of her client trust account. The disciplinary authorities determined that she had failed to maintain proper trust account records and that she had made a number of improper disbursements in excess of the funds in her trust account for particular clients, resulting in the conversion of funds belonging to other clients, in violation of ER 1.15 of the Arizona Rules of Professional Conduct. The improper disbursements resulted in a shortfall of slightly more than $1,000 in her client trust account. The disciplinary authorities, however, determined that the improper disbursements and accounting errors had been negligent, not intentional, and that Attorney Stoltman had not intended to keep funds that did not belong to her. In addition to censuring

---

[2] Under the rules of the Supreme Court of Arizona at the time of this discipline, there were two forms of discipline that did not involve the suspension or revocation of an attorney's license: "censure" and "informal reprimand." Effective January 1, 2011, the Supreme Court of Arizona amended its rule, whereby "censures" were renamed "reprimands" and "informal reprimands" were renamed "admonitions." Ariz. Sup. Ct. Order No. R-09-0044 (June 30, 2010).

5

Attorney Stoltman for her misconduct, the Supreme Court of Arizona also placed her on probation with a series of conditions for a period of one year (from January 2010 to January 2011).

¶9 The second instance of discipline was an admonition imposed on Attorney Stoltman in August 2017 by the Arizona Attorney Discipline Probable Cause Committee (the Arizona Discipline Committee). This admonition arose from Attorney Stoltman's conduct as a court-appointed arbitrator in a particular matter. Attorney Stoltman conducted an arbitration hearing, but she failed to prepare a decision and order based on the hearing. The appointing court ordered her to show cause why she had failed to prepare a decision and order, but she did not appear at the hearing. The Arizona Discipline Committee concluded that her failure to perform her duties as an arbitrator had violated ER 8.4(d) of the Arizona Rules of Professional Conduct, which prohibits an attorney from engaging in conduct prejudicial to the administration of justice. In addition to imposing the admonition, the Arizona Discipline Committee placed Attorney Stoltman on probation for a period of 18 months, beginning in August or September 2017 (starting at the time the order of admonition was served on Attorney Stoltman).

¶10 In the parties' stipulation in this court and the supporting memorandum filed by the OLR, the parties acknowledge that Attorney Stoltman is subject to the imposition of reciprocal discipline in this state by virtue of the two instances of discipline imposed in Arizona. The OLR asks this

court to impose a public reprimand as the appropriate reciprocal discipline. It contends that the Arizona censure is analogous to a public reprimand in this state and that the admonition is analogous to a private reprimand.[3] It correctly notes that in a similar situation where this court became aware of two public reprimands in another jurisdiction well after they had been imposed, this court publicly reprimanded the attorney in a single proceeding, while noting that there had been two reprimands in the other jurisdiction. See In re Disciplinary Proceedings Against Omdahl, 2010 WI 3, 322 Wis. 2d 92, 777 N.W.2d 634, reconsideration denied, 2010 WI 18, 324 Wis. 2d 1, 781 N.W.2d 228 (publicly reprimanding Attorney Omdahl as reciprocal discipline for two public reprimands imposed by the Michigan Attorney Discipline Board). We agree that the proper way to effectuate the reciprocal discipline mandate of SCR 22.22(3) in this instance is to impose a single public reprimand of Attorney Stoltman that encompasses both of the Arizona disciplinary actions.

¶11 There is another matter beyond the imposition of a public reprimand that must be addressed. In both instances of discipline, the Arizona disciplinary orders placed Attorney Stoltman on probation and required her to comply with certain

---

[3] Unlike a private reprimand in Wisconsin, however, the order of admonition issued to Attorney Stoltman indicates that it is not confidential. Thus, it appears that in Arizona a censure (or now a reprimand) and an admonition (or previously an informal reprimand) are two forms of public reprimands.

terms of probation. The one-year period of probation imposed by the 2010 order of the Supreme Court of Arizona has long since expired so we do not address that here. See In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, ¶10 n.3, 338 Wis. 2d 753, 809 N.W.2d 379 (declining to order attorney to comply with portion of disciplinary order in other jurisdiction that imposed period of probation because the probationary period had already expired). The 18-month period of probation imposed by the 2017 order of admonition imposed by the Arizona Discipline Committee, however, remains in effect as of the date of this decision. In similar situations, where the other jurisdiction has imposed a form of discipline that this court does not impose, such as probation, we have ordered the respondent attorney to comply with the terms and conditions of the disciplinary order in the other jurisdiction. See, e.g., In re Disciplinary Proceedings Against Gillette, 2017 WI 48, ¶¶14-17, 375 Wis. 2d 112, 895 N.W.2d 1; In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶11, 322 Wis. 2d 552, 779 N.W.2d 419; In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667. We will do so again here.[4]

---

[4] The stipulation does state that Attorney Stoltman agrees that it would be appropriate to impose a public reprimand, as sought by the OLR Director, but it also states that Attorney Stoltman agrees that, by virtue of the Arizona censure and admonition, she is subject to reciprocal discipline pursuant to SCR 22.22. Subsection (3) of that rule requires this court to impose "the identical discipline." Merely imposing a public reprimand when the other jurisdiction has imposed additional

(continued)

8

¶12 Finally, because this matter has been resolved through a stipulation without the appointment of a referee or the expense of litigation and because the OLR does not request the imposition of costs, we do not impose them in this proceeding.

¶13 IT IS ORDERED that Attorney Stephanie C. Stoltman is publicly reprimanded for her professional misconduct, as reciprocal discipline for the censure and admonition imposed by the Arizona attorney disciplinary authorities.[5]

¶14 IT IS FURTHER ORDERED that Stephanie C. Stoltman shall comply with all of the terms and conditions set forth in the August 30, 2017 Order of Admonition, Probation, (LOMAP and Costs), and Costs issued by the Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona.

---

forms of discipline would not constitute the imposition of "the identical discipline." By stipulating that she is subject to reciprocal discipline under SCR 22.22, Attorney Stoltman is acknowledging that this court may order her to comply with the order of probation imposed by the Arizona Attorney Discipline Probable Cause Committee.

[5] This public reprimand does not affect the administrative suspension of Attorney Stoltman's license to practice law in Wisconsin. In order for Attorney Stoltman to practice law in Wisconsin once more, she will need to complete the process for reinstatement from an administrative suspension for failure to pay bar dues and assessments.

1