# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP734-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Nicole L. Beran, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Nicole L. Beran,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BERAN

| | |
|---|---|
| OPINION FILED: | September 29, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2023AP734-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against**

**Nicole L. Beran, Attorney at Law:**

**FILED**

**Office of Lawyer Regulation,**

      **Complainant,**

**SEP 29, 2023**

Samuel A. Christensen
Clerk of Supreme Court

      **v.**

**Nicole L. Beran,**

      **Respondent.**

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. Attorney Nicole L. Beran is an active member of the Wisconsin State Bar in good standing. On May 1, 2023, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] requesting that this court

---

[1] SCR 22.22 provides:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(Continued)

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

suspend Attorney Beran's license to practice law in Wisconsin for 30 days, as discipline reciprocal to that imposed upon her in Illinois. The OLR further requested that this court order Attorney Beran to comply with all of the terms and conditions of probation set forth in the January 17, 2023 judgment and order of the Supreme Court of Illinois.

¶2 Attorney Beran and the OLR executed a stipulation in which Attorney Beran agrees that her license to practice law in Wisconsin should be suspended for 30 days as discipline reciprocal to that imposed by the Supreme Court in Illinois. Attorney Beran further stipulates that she should be ordered to

---

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

3

comply with all of the terms and conditions of probation set forth in the January 17, 2023 judgment and order of the Supreme Court of Illinois. Upon our review of the matter, we accept the stipulation and suspend Attorney Beran's license to practice law in Wisconsin for a period of 30 days and order her to comply with the terms and conditions of probation imposed by the Supreme Court of Illinois. Because the parties were able to resolve this matter without the need for appointment of a referee, no costs will be imposed.

## Background

¶3 The parties agree to the following facts. Attorney Beran was admitted to practice law in Wisconsin in 1999. She was admitted to practice law in Illinois in 2000. Attorney Beran has no previous disciplinary history in Wisconsin.

¶4 On September 2, 2021, the Illinois Attorney Registration and Disciplinary Commission (IARDC) filed a complaint against Attorney Beran alleging professional misconduct in three client matters. In all three matters, Attorney Beran was hired on an hourly basis to represent her clients in family law-related matters and accepted an advanced fee. The first count alleged that Attorney Beran failed to return an unearned fee, failed to act with reasonable diligence and promptness, failed to keep the client reasonably informed about the status of the matter, failed to promptly comply with reasonable requests for information, and failed to take steps to protect the client's interests upon termination of the representation. The second count alleged that Attorney Beran

4

failed to competently represent the client, failed to act with reasonable diligence and promptness, and failed to keep the client reasonably informed about the status of the matter.  The third count alleged that Attorney Beran failed to act with reasonable diligence and promptness, failed to keep the client reasonably informed about the status of the matter, failed to respond to reasonable requests for information from the client, and failed to return unearned fees.  The fourth count alleged that Attorney Beran failed to appear before the IARDC, failed to provide written responses to certain questions from the IARDC, and failed to provide requested documentation.

¶5  On December 12, 2022, the IARDC filed a "Petition to Impose Discipline On Consent Pursuant to Supreme Court [of Illinois] Rule 762(b)," which was joined by Attorney Beran.  In the petition, the parties stipulated that Attorney Beran's license to practice law in Illinois should be suspended for a period of six months, with the suspension stayed after thirty days and a two-year period of probation subject to numerous conditions.  These conditions include:  repaying specified monies to the Illinois Client Protection Program Trust Fund; attending meetings with the IARDC probation officer and submitting quarterly written reports; undergoing treatment with a qualified mental health professional; completing the IARDC Professionalism Seminar within the first year of probation; obtaining an attorney-monitor, attending associated meetings and participating in a law office management program, including use of specified systems and practices; complying with the

provisions of the Illinois Supreme Court Rules on Admission and Discipline of Attorneys and the Illinois Rules of Professional Conduct; cooperating with and providing information to the IARDC Administrator as to any ensuing investigations; reimbursing the IARDC for the costs of the proceeding and her probationary period; and providing required notifications to the IARDC Administrator.[2]

¶6 On January 17, 2023, the Supreme Court of Illinois approved the petition, suspended Attorney Beran from the practice of law for six months, with the suspension stayed after 30 days, and imposed a two-year period of probation with the aforementioned conditions. The suspension became effective as of February 7, 2023, and ended on March 9, 2023, at which point the two-year period of probation commenced.

¶7 Attorney Beran failed to notify OLR of the suspension of her Illinois license to practice law within 20 days of its effective date.

¶8 On May 1, 2023, the OLR filed a complaint and motion alleging that Attorney Beran was subject to reciprocal discipline by virtue of the suspension of her law license in Illinois pursuant to SCR 22.22. The OLR also alleged that

---

[2] The full terms and conditions of Attorney Beran's probation are set forth in the OLR's complaint and motion, the stipulation filed by the parties, and the judgment and order and notice of entry of judgment of the Supreme Court of Illinois, dated January 17, 2023, a certified copy of which was filed as exhibit 1 to the OLR's complaint and motion. The full terms and conditions of Attorney Beran's probation, as set forth in those documents, are incorporated herein by reference.

6

Attorney Beran violated SCR 22.22(1) by failing to notify OLR of the suspension of her Illinois license to practice law within 20 days of its effective date.

¶9 On June 27, 2023, Attorney Beran and the OLR filed a stipulation, agreeing that by virtue of her Illinois suspension and probation, she is subject to reciprocal discipline in Wisconsin. Attorney Beran agrees that it would be appropriate for this court to suspend her Wisconsin law license for a period of 30 days and order her to comply with all of the terms and conditions of probation set forth in the January 17, 2023 judgment and order of the Supreme Court of Illinois. The parties state that the stipulation did not result from plea bargaining. Attorney Beran does not contest the facts and misconduct alleged by the OLR, and she agrees to the level of discipline sought by the OLR. Attorney Beran also represents and verifies the following: she fully understands the misconduct allegations; she fully understands the ramifications should this court impose the stipulated level of discipline; she fully understands her right to contest the matter; she fully understands her right to consult with and retain counsel; and that her entry into the stipulation is made knowingly and voluntarily. Attorney Beran also stipulates that she does not claim any of the potential defenses set forth in SCR 22.22(3).

¶10 In addition to these stipulated facts, we note that the discipline imposed by the Supreme Court of Illinois was based, in part, on a number of mitigating factors, as set forth in the transcript from the IARDC hearing. Attorney Beran was

7

the sole associate at a two-person law firm. The firm's owner abruptly abandoned the practice, leaving Attorney Beran to inherit the partner's heavy caseload, in addition to her own. She was also required to manage the law office, despite no experience or training in doing so. Shortly thereafter, the sole legal assistant in the office left, and Attorney Beran became the sole caregiver for her two elderly parents, one with dementia and the other who was placed in a nursing home during the COVID-19 restrictions. After IARDC filed its complaint, Attorney Beran fully cooperated with the resulting disciplinary proceeding.

## **Analysis**

¶11 Upon our review of the matter, we accept the stipulation. In cases of reciprocal discipline, SCR 22.22(3) requires this court to impose "the identical discipline" as that imposed by the other jurisdiction unless one or more exceptions are met. We conclude that none of the listed exceptions apply here. Because the Supreme Court of Illinois imposed a six-month suspension of Attorney Beran's license to practice law, which was stayed after a period of 30 days, a 30-day suspension of Attorney Beran's license to practice law in Wisconsin constitutes "the identical discipline" in this case.

¶12 However, there remains the issue of the two-year period of probation imposed by the Supreme Court of Illinois. Unlike the State of Illinois, Wisconsin Supreme Court Rules do not provide for probation as a form of attorney discipline. See SCR 21.16. "In similar situations, where the other jurisdiction

has imposed a form of discipline that this court does not impose, such as probation, we have ordered the respondent attorney to comply with the terms and conditions of the disciplinary order in the other jurisdiction." In re Disciplinary Proceedings Against Stoltman, 2018 WI 91, ¶11, 383 Wis. 2d 484, 915 N.W.2d 176 (citing In re Disciplinary Proceedings Against Gillette, 2017 WI 48, ¶¶14-17, 375 Wis. 2d 112, 895 N.W.2d 1; In re Disciplinary Proceedings Against Hooker, 2010 WI 13, ¶11, 322 Wis. 2d 552, 779 N.W.2d 419; and In re Disciplinary Proceedings Against Moree, 2004 WI 118, 275 Wis. 2d 279, 684 N.W.2d 667). As set forth in Stoltman: "By stipulating that she is subject to reciprocal discipline under SCR 22.22, Attorney [Beran] is acknowledging that this court may order her to comply with the order of probation imposed by the [Supreme Court of Illinois]." Id. ¶11, n.4.

¶13 Therefore, we impose a 30-day suspension of Attorney Beran's Wisconsin law license, as discipline reciprocal to that imposed by the Supreme Court of Illinois. We further order that Attorney Beran shall comply with all of the terms and conditions of probation set forth in the January 17, 2023 judgment and order of the Supreme Court of Illinois.

¶14 Because this matter was resolved by stipulation without the need for appointment of a referee, no costs are imposed.

¶15 IT IS ORDERED that the license of Attorney Nicole L. Beran to practice law in Wisconsin is suspended for a period of 30 days, effective five weeks from the date of this order.

9

¶16 IT IS FURTHER ORDERED that Attorney Nicole L. Beran shall comply with all of the terms and conditions of probation set forth in the January 17, 2023 judgment and order of the Supreme Court of Illinois.

¶17 IT IS FURTHER ORDERED that, to the extent she has not already done so, Attorney Nicole L. Beran shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.