In re Petition for DISCIPLINARY ACTION AGAINST Brian Campbell FISCHER, a Minnesota Attorney, Registration No. 318097.

No. A13–1431.

Supreme Court of Minnesota.

Sept. 6, 2013.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition

for disciplinary action alleging that respondent Brian Campbell Fischer committed professional misconduct warranting public discipline, namely, failure to supervise a suspended attorney and assisting a suspended attorney in the unauthorized practice of law, failure to provide the Director with timely notice of employment of a suspended attorney, using misleading advertising and law firm signage and letterhead, neglect and noncommunication with two clients, failure to comply with a court order, failure to return client files, failure to expedite litigation, and noncooperation in disciplinary investigations, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.15(c)(1) and (2), 1.16(d), 3.2, 3.4(c), 5.3(b) and (c)(1), 5.5(a), 5.8(d), 7.1, 8.1(b) and 8.4(d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, unconditionally admits the allegations in the petition, and, with the Director, recommends that the appropriate discipline is a public reprimand and 2 years of supervised probation. The Director further states that as mitigation of a portion of respondent's misconduct, respondent provided evidence of a history of mental illness that predated the misconduct, extreme personal stress, and that he had dissociated from the suspended attorney.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Brian Campbell Fischer is publicly reprimanded and placed on probation for a period of 2 years, subject to the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 2 weeks from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by

the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the filing of this order, respondent shall provide to the Director and to his supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist.

IT IS FURTHER ORDERED that respondent shall pay $900 in costs, pursuant to Rule 24, RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice