STATE OF MINNESOTA
IN SUPREME COURT



FILED

October 16, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
DeAnna Jeanne Schleusner, a Minnesota Attorney,
Registration No. 265597.

By order filed on September 1, 2015, we suspended respondent DeAnna Jeanne Schleusner from the practice of law for a minimum of 30 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement in which she states that she has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent DeAnna Jeanne Schleusner is conditionally reinstated to the practice of law in the State of Minnesota, subject to her successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for 2 years, subject to the following conditions:

(a)      Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address.

1

Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of the filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Within 30 days from the date of the filing of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that she is in compliance with probation requirements. Respondent shall provide progress reports as requested; and

2

(f)     Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist.  Respondent shall provide the necessary authorizations to allow the Director to verify her compliance with treatment.

2.     By September 1, 2016, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination.  Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

Dated:  October 16, 2015

BY THE COURT:

David R. Stras
Associate Justice

3