# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP118-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against B. C. Fischer, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | B. C. Fischer, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST FISCHER

| | |
|---|---|
| OPINION FILED: | April 16, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2019AP118-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In re Matter of Disciplinary Proceedings Against B. C. Fischer, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**B. C. Fischer,**

        **Respondent.**

**FILED**

**APR 16, 2019**

Sheila T. Reiff
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding.  *Attorney's license suspended.*

¶1  PER CURIAM.  This is a reciprocal discipline matter. On January 14, 2019, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22,[1] requesting this court suspend Attorney B.C.

---

[1] SCR 22.22 provides:

    (1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the

(continued)

effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity,

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(continued)

Fischer's license to practice law in Wisconsin for a period of 90 days, and direct him to comply with the terms of a Minnesota court order, as reciprocal discipline identical to that imposed by the Minnesota Supreme Court.

¶2 Attorney Fischer and the OLR executed a stipulation, in which Attorney Fischer agrees that he should be suspended for a period of 90 days as discipline reciprocal to that imposed by the Supreme Court of Minnesota, and directed to comply with the conditions imposed by the Minnesota court. Upon our review, we accept the stipulation and we suspend Attorney Fischer's license to practice law in Wisconsin for a period of 90 days and order him to abide by the terms imposed by the Supreme Court of Minnesota. The OLR does not seek costs. Because the parties were able to resolve this matter without appointment of a referee, no costs will be imposed.

---

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

¶3 Attorney Fischer was admitted to practice law in Wisconsin in 2002. His Wisconsin law license is currently suspended for failure to comply with continuing legal education reporting requirements, for failure to pay annual bar dues, and for failure to provide a required trust account certification.

¶4 Attorney Fischer is also admitted to practice law in Minnesota under the name Brian Campbell Fischer. He presently resides in Duluth, Minnesota.

¶5 Attorney Fischer's professional disciplinary history in Wisconsin consists of a 2014 public reprimand imposed as discipline reciprocal to that imposed in Minnesota for professional misconduct. That misconduct involved failing to supervise a suspended attorney and assisting a suspended attorney in the unauthorized practice of law; failing to provide the Minnesota Director of the Office of Lawyers Professional Responsibility with timely notice of employment of a suspended attorney; using misleading advertising and law firm signage and letterhead; neglecting and failing to communicate with two clients; failing to comply with a court order; failing to return client files; failing to expedite litigation; and noncooperation in disciplinary investigations. In re Disciplinary Proceedings Against Fischer, 2014 WI 107, ___ Wis. 2d ___, 852 N.W.2d 487; In re Disciplinary Action Against Fischer, 836 N.W.2d 525 (Minn. 2013).

¶6 On May 3, 2017, the Supreme Court of Minnesota suspended Attorney Fischer for a minimum of 90 days, and imposed numerous conditions in response to professional misconduct that

4

included neglecting six client matters, failing to communicate with those clients, making false statements to a client, failing to return a client's file, and failing to cooperate with disciplinary investigations. The Minnesota court concluded that Attorney Fischer violated Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d), 3.2, 4.1, 8.1(b), and 8.4(c)-(d), and Rule 25, Rules on Lawyers Professional Responsibility.

¶7 Fischer did not notify the OLR of the Minnesota suspension within 20 days of its effective date.

¶8 On September 12, 2017, the Minnesota Court conditionally reinstated Attorney Fischer from the 90-day suspension, and placed him on probation for two years, with conditions. In re Disciplinary Action Against Fischer, 901 N.W.2d 155 (Minn. 2017).

¶9 In its complaint, the OLR alleged that Attorney Fischer is subject to reciprocal discipline and that, by failing to notify the OLR of his suspension in Minnesota for professional misconduct within 20 days of the effective date of its imposition, Attorney Fischer violated SCR 22.22(1).

¶10 On February 22, 2019, Attorney Fischer and the OLR filed a stipulation, agreeing that by virtue of his Minnesota suspension as described in the complaint and motion, Attorney Fischer is subject to reciprocal discipline in Wisconsin. Attorney Fischer agrees that it would be appropriate for this court to suspend his law license for a period of 90 days and order that he comply with the terms of the Supreme Court of Minnesota's reinstatement order dated September 12, 2017. The

5

parties state that the stipulation did not result from a plea bargain. Attorney Fischer does not contest the facts and misconduct alleged by the OLR and he agrees to the level of discipline sought by the OLR. Attorney Fischer represents and verifies that he fully understands the misconduct allegations, he fully understands the ramifications should the court impose the stipulated level of discipline, he fully understands his right to contest this matter, he understands his right to consult with and retain counsel, and states that his entry into the stipulation is made knowingly and voluntarily. Attorney Fischer also stipulates that he does not claim any of the potential defenses set forth in SCR 22.22(3)(a)-(c).

¶11 Upon our review of the matter, we accept the stipulation and impose a 90-day suspension, reciprocal to that imposed by the Supreme Court of Minnesota, and we order Attorney Fischer to comply with the terms of the Minnesota court's September 12, 2017 reinstatement order.[2] See SCR 22.22(3).

---

[2] The Minnesota court reinstated Attorney Fischer subject to his successful compliance with the following conditions during a two year period of probation:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's

(continued)

6

request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

e. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent

(continued)

7

regularly reviews each and every file and completes legal matters on a timely basis.

f. Within 30 days from the date of this order, respondent shall provide to the Director and to his probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

g. Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director and shall complete all therapy programs recommended by all treating therapists or other specialists.

h. Respondent shall not represent clients in disputes sounding in personal injury, medical malpractice, or workers' compensation without associating with qualified counsel through a joint representation agreement. Such agreements shall be provided to respondent's probation supervisor, and respondent shall authorize his probation supervisor and the Director to discuss the joint representation with co-counsel. Respondent shall inform co-counsel of the terms of his probation. Respondent shall further limit his practice to ensure that the only litigated matters he undertakes are either through a joint representation agreement as specified above or as contract counsel working under the direct supervision of counsel responsible for the client representation. Respondent will limit any non-litigation representation to estate or business planning work that is completed within a month

In addition, the court ordered that by May 3, 2018, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to do so shall result in automatic re-suspension pending proof of

(continued)

8

¶12 Because this matter was resolved by stipulation without the appointment of a referee, no costs are imposed.

¶13 IT IS ORDERED that the license of B.C. Fischer to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

¶14 IT IS FURTHER ORDERED that B.C. Fischer is directed to comply with the terms of the Supreme Court of Minnesota's September 12, 2017 reinstatement order.

¶15 IT IS FURTHER ORDERED that the administrative suspension of B.C. Fischer's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, failure to comply with continuing legal education requirements, and failure to complete trust account certification, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶16 IT IS FURTHER ORDERED that, to the extent he has not already done so, B.C. Fischer shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶17 IT IS FURTHER ORDERED that no costs are imposed on B.C. Fischer.

---

successful completion of the examination, under Rule 18(e)(3), RLPR. In re Disciplinary Action Against Fischer, 901 N.W.2d 155, 156 (Minn. 2017).