# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1297-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against B. C. Fischer, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　v.<br>B. C. Fischer,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST FISCHER

| | |
|---|---|
| OPINION FILED: | February 22, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1297-D

STATE OF WISCONSIN  :  IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against B.C. Fischer, Attorney at Law:

Office of Lawyer Regulation,                          **FILED**

      Complainant,

                                 **FEB 22, 2022**

  v.

                                 Sheila T. Reiff
                            Clerk of Supreme Court

B.C. Fischer,

      Respondent.

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1  PER CURIAM.  In this reciprocal discipline matter, governed by Supreme Court Rule (SCR) 22.22,[1] Attorney B.C. Fischer

---

[1] SCR 22.22 provides:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing

discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to

2

has entered into a stipulation with the Office of Lawyer Regulation (OLR). In the stipulation, the parties agree that it would be appropriate for this court to impose the level of discipline sought by the OLR as being reciprocal to the discipline imposed on Attorney Fischer by the Minnesota Supreme Court; namely, a 120-day suspension of Attorney Fischer's license to practice law in Wisconsin.

¶2 After reviewing the matter, we approve the stipulation and impose the stipulated reciprocal discipline. Additionally, although the stipulation does not expressly request that we require Attorney Fischer to comply with the conditions imposed by the Minnesota Supreme Court's disciplinary order, we impose those conditions here, consistent with the requirement in SCR 22.22(3) that this court impose "the identical discipline" as imposed by the other jurisdiction. Given the fact that Attorney Fischer entered into a comprehensive stipulation before the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶3 Attorney Fischer was admitted to practice law in Wisconsin in 2002. He was admitted to practice law in Minnesota

---

demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

3

in 2003 under the name Brian Campbell Fischer. The address he has on file with the State Bar of Wisconsin is in Duluth, Minnesota.

¶4 Attorney Fischer's Wisconsin law license is under administrative suspension. Specifically, effective October 31, 2016, Attorney Fischer's Wisconsin law license was administratively suspended for failure to pay bar dues and to provide a required trust account certification. Effective May 31, 2017, Attorney Fischer's Wisconsin law license was administratively suspended for failure to comply with continuing legal education reporting requirements.

¶5 Attorney Fischer's professional disciplinary history in Wisconsin includes a 2014 public reprimand imposed as discipline reciprocal to that imposed in Minnesota for professional misconduct. That misconduct involved failing to supervise a suspended attorney and assisting a suspended attorney in the unauthorized practice of law; failing to provide the Minnesota Director of the Office of Lawyers Professional Responsibility with timely notice of employment of a suspended attorney; using misleading advertising and law firm signage and letterhead; neglecting and failing to communicate with two clients; failing to comply with a court order; failing to return client files; failing to expedite litigation; and noncooperation in disciplinary investigations. See In re Disciplinary Proceedings Against Fischer, 2014 WI 107, ___ Wis. 2d ___, 852 N.W.2d 487. In addition, in 2019, this court imposed a 90-day suspension reciprocal to that imposed in Minnesota for misconduct that involved neglecting six client matters, failing to communicate

4

with those clients, making false statements to a client, failing to return a client's file, and failing to cooperate with disciplinary investigations. See In re Disciplinary Proceedings Against Fischer, 2019 WI 36, 386 Wis. 2d 202, 925 N.W.2d 536.

¶6 On October 20, 2020, the Minnesota Supreme Court indefinitely suspended Attorney Fischer's right to practice law in that state with a right to petition for reinstatement after 120 days. The Minnesota Supreme Court also imposed certain conditions upon Attorney Fischer's reinstatement, discussed below. The Minnesota Supreme Court's disciplinary order resulted from professional misconduct that involved failing to adequately communicate with a client, failing to diligently pursue a client's case, failing to inform the client of his suspension, engaging in the unauthorized practice of law, failing to comply with the terms of probation, and failing to cooperate with the disciplinary investigation.

¶7 On July 27, 2021, the OLR filed a complaint and motion pursuant to SCR 22.22, alleging that Attorney Fischer is subject to reciprocal discipline and that, by failing to notify the OLR of his October 20, 2020 suspension in Minnesota for professional misconduct within 20 days of the effective date of its imposition, Attorney Fischer violated SCR 22.22(1). The OLR asked this court to suspend Attorney Fischer's license to practice law in Wisconsin for a period of 120 days as discipline reciprocal to that imposed by the Minnesota Supreme Court.

¶8 In a stipulation filed December 14, 2021, Attorney Fischer admitted that the Minnesota Supreme Court had indefinitely

5

suspended his right to practice law in that state with a right to petition for reinstatement after 120 days.

¶9 Under SCR 22.22(3), this court shall impose the identical discipline or license suspension imposed in another jurisdiction, unless one or more of three exceptions apply. In the stipulation, Attorney Fischer states that he does not claim that any such exception applies to his case.

¶10 Given the nature of the Minnesota suspension, the OLR and Attorney Fischer agree that it would be appropriate for this court to impose a 120-day suspension of Attorney Fischer's license to practice law in Wisconsin. The stipulation further contains a number of statements and representations by the parties. The parties state that the stipulation was not the result of plea bargaining, that Attorney Fischer does not contest the facts and misconduct alleged by the OLR, and that Attorney Fischer does not contest the level of reciprocal discipline sought by the director of the OLR in this matter. Attorney Fischer further represents that he fully understands the misconduct allegations against him, that he fully understands the ramifications of the stipulated level of discipline, that he fully understands his right to consult with counsel and to contest this matter, that he is entering into the stipulation knowingly and voluntarily, and that his entry into the stipulation represents his decision not to contest the misconduct alleged or the discipline sought by the OLR.

¶11 After carefully reviewing this matter, we accept the stipulation and impose the stipulated level of discipline. We agree that the closest manner in which to replicate the suspension

6

imposed by the Minnesota Supreme Court is to suspend the license of Attorney Fischer to practice law in Wisconsin for a period of 120 days.

¶12 There is another matter beyond the imposition of a 120-day suspension that must be addressed. The Minnesota Supreme Court's disciplinary order provided that, in order to be reinstated, Attorney Fischer must successfully complete the professional responsibility portion of the written examination required for admission to practice law in Minnesota and to satisfy the relevant continuing legal education requirements for practice in Minnesota. The parties' stipulation says nothing about this requirement.

¶13 However, the stipulation does state that, by virtue of the Minnesota suspension, Attorney Fischer is subject to reciprocal discipline pursuant to SCR 22.22. Subsection (3) of that rule requires this court to impose "the identical discipline." Imposing only a suspension when the other jurisdiction has imposed additional forms of discipline would fail to constitute the imposition of "the identical discipline." See generally In re Disciplinary Proceedings Against Stoltman, 2018 WI 91, ¶11, 383 Wis. 2d 484, 915 N.W.2d 176 (noting that, where the other jurisdiction has imposed a form of discipline that this court does not impose, this court has ordered the respondent attorney to comply with the terms and conditions of the disciplinary order in the other jurisdiction in order to make the discipline identical under SCR 22.22). By stipulating that he is subject to reciprocal discipline under SCR 22.22, Attorney Fischer is acknowledging that

7

this court may order him to comply with the conditions imposed by the Minnesota Supreme Court's disciplinary order. Thus, in order for Attorney Fischer to have his Wisconsin law license reinstated, even after the completion of the 120-day suspension, he will need to submit proof to this court that he has complied with the conditions imposed by the Minnesota Supreme Court's disciplinary order. Once he has provided proof of compliance, the disciplinary suspension will be lifted, although his administrative suspensions will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1). See In re Disciplinary Proceedings Against Eichhorn-Hicks, 2019 WI 91, ¶¶12, 16, 388 Wis. 2d 478, 933 N.W.2d 106 (imposing, as discipline reciprocal to that imposed in Minnesota, a 120-day suspension with reinstatement conditioned on successful completion of the professional responsibility portion of the Minnesota bar examination and satisfaction of Minnesota's continuing legal education requirements).

¶14 Because this matter was resolved by a stipulation without the need for litigation, we will not require Attorney Fischer to pay the costs of this proceeding.

¶15 IT IS ORDERED that the license of B.C. Fischer to practice law in Wisconsin is suspended for a period of 120 days, effective the date of this order, as discipline reciprocal to that imposed by the Minnesota Supreme Court.

¶16 IT IS FURTHER ORDERED that B.C. Fischer shall comply with the terms of the October 20, 2020 order of the Minnesota Supreme Court. Accordingly, before the 120-day disciplinary

8

suspension imposed above is lifted, in addition to complying with the requirements of SCR 22.28(2), B.C. Fischer shall also have complied with the conditions imposed by the Minnesota Supreme Court in its October 20, 2020 order that must be fulfilled in order to have his license to practice law in Minnesota reinstated.

¶17 IT IS FURTHER ORDERED that the administrative suspensions of B.C. Fischer's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, his failure to complete his trust account certification, and his failure to comply with CLE reporting requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶18 IT IS FURTHER ORDERED that, to the extent he has not already done so, B.C. Fischer shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.